**BOWLES, Price Administrator, v. LIVINGSTON.**

No. 11446.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1946.

David London, Director, Litigation Division, O.P.A., and Albert M. Dreyer, Chief, Appellate Branch, O.P.A., both of Washington, D. C., and John D. Mosby, Regional Enforcement Atty., O.P.A., James M. Roberts, Dist. Enforcement Atty., O.P.A., and Joel B. Mallett, Atty., O.P.A., all of Atlanta, Ga., for appellant.

Ralph Quillian and Mose S. Hayes, both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The Administrator sought an injunction and statutory damages under Sect. 205(a) and (e) of the Emergency Price Control Act of 1942, 56 Stat. pp. 33, 34, 50 U.S.C.A. Appendix, § 925(a, e) because of overcharges asserted to have been made monthly for the storage of automobiles in a public garage. This appeal is from an unfavorable judgment based on a finding that the rate charged was not a violation of the price orders and regulations. The regulation was to the effect that a seller of service should charge no more than the highest price which he or his predecessor in interest charged for the same service to a purchaser of the same class in March, 1942, or where the same service was not then supplied to purchasers of the same class, the price must be fixed by the Office of Price Administration on application of the seller.

The district judge found that in March, 1942, this garage was furnishing the same storage service touching all cars, regardless of size or make. The prices per month filed with O.P.A. in October, 1942, were from $6 to $10. The size, character or make of the car had nothing to do with the rate which was agreed on with the customer. Under the $10 charge there were nine large cars and nineteen medium and small cars. Under the $6 rate there were forty-two large cars and seventy-four medium and small cars. Some rates were as low as $4. Each car occupied a unit of floor space for storage. The defendant has since gradually raised all rates to $10, losing some old customers, and getting new ones.

If the customers, all receiving the same service, are of "the same class", defendant is merely charging the highest rate that was charged in March, 1942, as the district judge concluded. The appellant insists that each customer, and especially each new customer, is a class by himself, and application to the O.P.A. should have been made as to each new customer for the fixing of a rate. This contention is based on Price Regulation 165, Sect. 23(d) (10)*: "Purchaser of the same class means a purchaser belonging to the same price class, that is a group of purchasers to whom it was your established practice in March, 1942, to supply or offer to supply the same

---

* 9 Fed.Reg. 7439.

service at a particular price. If in March, 1942, you customarily supplied or offered to supply the same service to any purchaser at a price different from the price at which you supplied the same service to all other purchasers, that purchaser is in a price class by himself." When this part of the regulation was called to defendant's attention he refunded to customers who were such in March, 1942, the excess collected from them above the price then charged them. The case now concerns only new customers who have been taken on since March, 1942. The district judge concluded that the definition was workable in this case by regarding the customers at that date as in price classes fixed by the sums charged them per month, so that their respective prices could not be increased to them; but he held as to new customers, since the service to every customer was the same, the new customer would fall into one price class equally with another, and the *highest price* charged in March, 1942, for the service might be charged, the general provision to that effect not being intended to be wiped out by the special provision just quoted. We agree that the special provision protects old customers from price raises, even one who in March, 1942, had a special rate under its last sentence, as was held in Bowles v. Nu Way Laundry Co., 10 Cir., 144 F.2d 741, 745; Rainbow Dyeing & Cleaning Co. v. Bowles, App.D.C., 150 F.2d 273. But as to new customers the case is that for a certain specific service, towit, the furnishing of a unit of space in the garage for a month, the putting of the car into it and taking it out, several prices were customarily charged during March, 1942, and the highest was in general the maximum permitted.

 A further provision of Sect. 23(a) (10) is urged as requiring an application to O.P.A. to fix a price for new customers: "If in March, 1942, you had an established practice of charging the same price to certain customers on the *basis of standards* (such as the *nature of the buyer*—wholesaler, retailer, etc., or *the nature of the sale*—large, small, cash, credit, etc.,) you must place a new purchaser of the same service in the proper purchaser price

class in accordance with such standards. If *you had no such standards,* or if the new purchaser does not correspond to such standards, you must establish a price for the new purchaser under Section 5 of this regulation." (Emphasis added.) In this case there were no standards in March, 1942, touching either the nature of the buyer or the nature of the sale; and there have not been any such since. The rate is simply charged for a unit of space, whoever may be the car owner, and whatever the kind of car or the terms of payment. The words, "If you had no such standards", can hardly mean that every seller who did not in March, 1942, vary his prices according to the "nature" of his customers and of the sales as set out in the quotation, must have established a price for each new customer. In most businesses, we think, prices were not made on such standards. Fixing new prices in them for each customer would have been a terrible burden on O.P.A., and we believe was never attempted or required. We will not begin it in this case.

We think the relief sought was properly denied, and the judgment is affirmed.